JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Francis Smith and Frank Giordano, et al.

**DEFENDANTS**
People's Republic of China

**(b)** County of Residence of First Listed Plaintiff    Burlington NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Charles D. Mandracchia, Esq.
Mandracchia Law, LLC,2024 Cressman Rd., PO Box 1229,
Skippack, PA 19474  Phone #610-584-0700 ext. 222

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. §1332
Brief description of cause:
Personal injuries and economic losses caused by negligence and recklessness regarding coronavirus

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ excess $150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ of _____ DOCKET NUMBER _____

DATE
04/20/2020

SIGNATURE OF ATTORNEY OF RECORD
*C. Mandracchia*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _Virtua Health and Rehab, 62 Richmond Avenue, Lumberton, NJ 08048_

Address of Defendant: _Embassy of People's Republic of China, 3505 International Place, N.W., Washington, DC 20008_

Place of Accident, Incident or Transaction: _Pennsylvania, New Jersey and United States of America_

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _04/20/2020_    _C. Mandracchia_ (Must sign here)    _52844_
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):*
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☑ 9. All other Diversity Cases
     *(Please specify):* _Personal injury and economic loss_

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Charles D. Mandracchia, Esq._, counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _04/20/2020_    _C. Mandracchia_ (Attorney-at-Law / Pro Se Plaintiff)    _52844_
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Francis Smith and
Frank Giordano, individually and
on behalf of all others similarly
situated                    v.

CIVIL ACTION

People's Republic of China            :            NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)            (xx)

(f) Standard Management – Cases that do not fall into any one of the other tracks.            ( )

April 20, 2020            Charles D. Mandracchia            Plaintiffs
**Date**                **Attorney-at-law**            **Attorney for**
610-584-0700 x222        610-584-0507            Cman@mmattorneys.com

**Telephone**            **FAX Number**            **E-Mail Address**

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS SMITH | : | CIVIL ACTION |
| and | : | |
| FRANK GIORDANO | : | |
| and | : | |
| DANIEL CHRISTY | : | |
| and | : | |
| REVEREND DR. HERBERT H. LUSK, II, | : | NO. _____ |
| Individually and on behalf of | : | |
| all others similarly situated, | : | |
| Plaintiffs | : | CLASS ACTION |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| PEOPLE'S REPUBLIC OF CHINA, | : | |
| Defendant | : | |

## COMPLAINT

Comes now Francis Smith, Frank Giordano, Daniel Christy, and Reverend Dr.

Herbert H. Lusk, II (collectively "Plaintiffs"), on behalf of themselves and all others

similarly situated and allege as follows:

     1.    Plaintiffs on behalf of themselves and all others similarly situated, bring

this action against the People's Republic of China ("Defendant" or "China") based on

Defendant's negligence and reckless indifference to the rights of Plaintiffs and all others

similarly situated.

     2.    Plaintiffs seek on behalf of themselves and all others similarly situated,

compensatory damages, punitive damages, costs and attorney's fees.

## JURISDICTION AND VENUE

     3.    This Court has jurisdiction over this action against Defendant for

negligence and reckless indifference pursuant to applicable federal statutes, including but

not limited to 28 U.S.C. §1332 and 28 U.S.C. §1605 (a)(5).

4.      Venue is proper in this Court pursuant to, *inter alia*, 29 U.S.C. §1391(c).

## PARTIES

5.      Plaintiff Francis Smith is an adult individual with an address at Virtua Health and Rehab, 62 Richmond Avenue, Lumberton, NJ 08048 who is ill with COVID-19 and brings this action as a result of his sickness caused by the coronavirus.

6.      Plaintiff Frank Giordano is an adult individual who resides at 170 E. Main Street, Moorestown NJ 08057.

7.      Plaintiff Daniel Christy is an adult individual with a business address at 191 Witmer Road, Suite 300, Horsham, PA 19044.

8.      Plaintiff Reverend Dr. Herbert H. Lusk, II, is an adult individual with an address at Greater Exodus Baptist Church, 704-714 North Broad Street, Philadelphia PA 19130.

9.      Plaintiffs Frank Giordano, Daniel Christy and Rev. Dr. Herbert Lusk (the "Economic Loss Plaintiffs") bring this action as individuals and owners and/or shareholders of their businesses, and on behalf of other similarly situated individuals including but not limited to Gary Johnson, Marc Franzoni, Andrew Venezia, Jared Barcz, Charles D. Mandracchia, Jr., Joseph Gambone, Michael Gambone, Joseph Tarantino, Kevin Chowns, Val Fichera, Chris Hrin, Frank Caikowski, and John Caikowski as individuals and owners and/or shareholders of their businesses.

10.      Defendant the People's Republic of China is a foreign state located in Asia, with an address in the United States at Embassy of People's Republic of China in the United States, 3505 International Place, N.W., Washington, DC 20008.

2

## FACTUAL ALLEGATIONS

11.     The delay and failure by the senior officials of the government of China, which was the first country to face the new coronavirus and the source of the virus, directly resulted in the global pandemic.  The coronavirus pandemic currently has resulted in more than 2.3 million cases in the world, more than 753,000 persons infected in the United States and more than 36,000 U.S. deaths.

12.     The coronavirus pandemic caused the President of the United States and governors of many states to shut down the economy and businesses and require citizens to be confined to their homes and to severely restrict their activities including work and business.

13.     The government of China knew of the devastation of the coronavirus and prevented Chinese citizens from leaving or entering the city of Wuhan.  However, the government of China allowed foreign citizens to come in and out of the city of Wuhan.

14.     Documents obtained and reported on by the Associated Press demonstrate that by no later than January 14, 2020, and likely before that time, the head of the National Health Commission, the top medical agency in China, knew of and advised other officials of the government of China including but not limited to President Xi Jinping, Premier Li Keqiang and Vice Premier Sun Chunlan, that human-to-human transmission of the coronavirus is possible and that based on a case reported in Thailand there was a possible spread of the virus from China to other countries.

15.     It also was concluded as of that time that due to upcoming public festivals in China the risk of spread of the coronavirus was high, and the coronavirus likely would develop into a major public health event and/or pandemic, which it did.

3

16.     The government of China distributed at that time information and instructions for provincial officials with regard to the pandemic that were not to be disclosed publicly.

17.     Despite possessing such information and knowledge, however, at that time the officials of the government of China did not publicly disclose the strong possibility of the spread of the coronavirus by human to human transmission including spread to other countries and the danger that the coronavirus infection in Wuhan would develop into a major public health event and global pandemic.

18.     Instead, officials of the government publicly downplayed the risk of the spread of the coronavirus, and stated publicly that the risk of human to human transmission of the virus was low and that there was no evidence of such transmission.

19.     This was done for political reasons for the benefit of the government of China, and to the detriment of the people of China and of the world including the United States of America and including the Plaintiffs and other persons similarly situated.

20.     On January 20, 2020 the government of China made the first public announcement and disclosure of the true nature of the coronavirus infection and epidemic, which the government had known already for some time.

21.     On that date President Xi made his first public statement on the virus and acknowledged its serious and dangerous nature, and a leading epidemiologist in China stated publicly that the virus was transmitted by human to human contact.

22.     China's delay and failure to publicly disclose its government's knowledge of the human to human transmission of the coronavirus and the nature of the coronavirus epidemic as a major public health event in China and possible global pandemic resulted

4

in delay of implementation of containment and mitigation measures such as social

distancing, mask wearing and travel restrictions in China and in other countries including

the United States of America.

23.     China's delay and failure to publicly disclose its government's knowledge

of the human to human transmission of the coronavirus and the nature of the epidemic as

a major public health event in China and possible global pandemic resulted in and caused

widespread transmission of the coronavirus to other countries including the United States

of America, where the Plaintiffs and others similarly situated reside and/or do business,

and resulted in the global pandemic of the coronavirus and the deadly COVID-19 disease.

24.     As a result of such delay and failure by the government of China to

publicly disclose its knowledge of the human to human transmission of the coronavirus

and the nature of the epidemic in China, Plaintiff Francis Smith contracted COVID-19,

the disease caused by the coronavirus.

25.     Plaintiff Francis Smith is currently hospitalized and in critical condition,

along with tens of thousands of other people with COVID-1.

26.     Also as a result of such acts and omissions by China, Plaintiffs Frank

Giordano and the other Economic Loss Plaintiffs, along with millions of other citizens of

the United States, have suffered severe and significant economic losses and damages as a

result of the lockdown measures adopted by the governors of certain states and guidelines

and directions issued by the federal government in response to and mitigation of the

transmission and spread of the coronavirus and COVID-19.

27.     The failure and delay of the government of China to disclose publicly to

its citizens and to the world the government's clear and unequivocal knowledge regarding

5

the true nature of the coronavirus epidemic in China was clearly negligent and recklessly indifferent to the rights of Plaintiffs and other persons similarly situated namely the citizens of the United States of America, and also were outrageous, wanton, willful and malicious.

28.     Such negligence and recklessness of the government of China directly resulted in and caused the global pandemic of the coronavirus and COVID-19 and its widespread transmission from China to the rest of the world, and resulted in personal injuries and disease and economic and other damages and losses to the Plaintiffs and others similarly situated.

## CLASS ALLEGATIONS

29.     Plaintiffs bring this class action on behalf of themselves and all others similarly situated pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure.

30.     Plaintiffs seek to represent a class of persons to be defined as follows:

All persons in the United States of America who have been infected with and sickened by the coronavirus and/or contracted COVID-19 on or after January 20, 2020, and/or

All persons in the United States of America who have been affected by and suffered economic losses as a result of the spread of the coronavirus and/or COVID-19 in the United States and resulting government lockdown and/or guidance or directions regarding containment and/or mitigation thereof.

31.     Numerosity:    The class described above is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the

6

individual claims of the respective class members through this class action will benefit both the parties and this Court.

32.    Plaintiffs believe and allege, on information and belief, that there are at minimum tens of millions of members of the class described above.

33.    <u>Typicality</u>:    Plaintiffs' claims are typical of the claims of the members of the class.  The claims of the Plaintiffs and members of the class are based on the same legal theories and arise from the same tortious, reckless and willful conduct.

34.    <u>Common Questions of Fact and Law</u>:   There is a well-defined community of interest and common questions of fact and law affecting members of the class.

35.    The questions of fact and law common to the class predominate over questions which may affect individual members and include the following:

a.    Whether Defendant's conduct of failure and delay of its government to disclose publicly to its citizens and to the world the government's clear and unequivocal knowledge regarding the true nature of the coronavirus epidemic in China and likely global pandemic of the virus and COVID-19 and its widespread transmission from China to the rest of the world was negligent;

b.    Whether Defendant's conduct constituted reckless indifference to the rights of Plaintiffs and other members of the class;

c.    Whether Defendant's conduct was outrageous, wanton, willful and malicious; and

d.    Whether Plaintiffs and the other members of the class are entitled to compensatory damages, punitive damages and costs and/or attorney's fees for Defendant's acts and conduct.

36.    <u>Adequacy of Representation</u>: Plaintiffs Smith and Giordano are adequate representatives of the class because their interests do not conflict with the interests of the members of the class.

37.    Plaintiffs will fairly, adequately and vigorously represent and protect the interests of the members of the class and have no interests antagonistic to the members of the class.

38.    Plaintiffs have retained counsel who is competent and experienced in the prosecution of litigation including class action litigation.

39.    <u>Superiority</u>:    A class action is superior to other available means for the fair and efficient adjudication of the claims of the class.

40.    The expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the class to individually seek redress for the wrongs done to them.

41.    The likelihood of the individual members of the class prosecuting separate claims is remote, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.

42.    In contrast the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the class.

43.    Plaintiffs do not know of any other litigation concerning this controversy commenced by or against any member of the class.  Plaintiffs know of no difficulty in the

8

management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
## NEGLIGENCE AND RECKLESS INDIFFERENCE

44.    Plaintiffs herein incorporate all of the paragraphs above by reference as if fully set forth at length.

45.    Plaintiffs assert this claim on behalf of themselves and the class against the Defendant.

46.    China's government's delay and failure to publicly disclose its knowledge of the human to human transmission of the coronavirus and the nature of the coronavirus epidemic as a major public health event in China and possible global pandemic resulted in delay of implementation of containment and mitigation measures such as social distancing, mask wearing and travel restrictions in China and in other countries including the United States of America.

47.    China's government's delay and failure to publicly disclose its  knowledge of the human to human transmission of the coronavirus and the nature of the epidemic in China resulted in and caused widespread transmission of the coronavirus to other countries including the United States of America, where the Plaintiffs and other members of the class reside and/or do business, and resulted in a global pandemic of the coronavirus and the deadly COVID-19 disease.

48.    The failure and delay of the government of China to disclose publicly to its citizens and to the world the government's clear and unequivocal knowledge regarding the true nature of the coronavirus epidemic in China were clearly negligent and recklessly indifferent to the rights of Plaintiffs and other members of the class, were in breach of its duty and of established international protocols, and also were outrageous, wanton, willful

9

and malicious.

49.     Such negligence and recklessness of the government of China directly resulted in and caused the global pandemic of the coronavirus and COVID-19 and its widespread transmission from China to the rest of the world, and resulted in personal injuries and disease and economic and other damages and losses to the Plaintiffs and other members of the class.

50.     As a result of such negligence and recklessness, Plaintiff Francis Smith and other members of the class contracted COVID-19, the disease caused by the coronavirus, and have suffered personal severe injuries as a result, including the following personal injuries, all of which are or may be of a permanent nature:

(a) respiratory and other serious disease(s) requiring medical treatment which may include hospitalization and/or artificial ventilation

(b) other serious and permanent injuries, which may lead to or may have caused death

(c) enduring and continuing to endure great pain, suffering, inconvenience, embarrassment, mental anguish, and emotion and psychological trauma.

(d) being required to expend large sums of money for medical treatment and care, hospitalization, medical supplies, surgical appliances, rehabilitation and therapeutic treatment, medicines, and other attendant services;

(e) impairment of general health, strength, and vitality and being unable now and in the future to enjoy various pleasures of life previously enjoyed;

(f) loss of the society, companionship, and consortium of spouse;

(g) inability to participate in numerous activities with children; and

(h) loss of earnings and loss and/or impairment of capacity for future employment and earnings.

51.     As a result of such negligence and recklessness of the Defendant, Plaintiffs Frank Giordano and the other Economic Loss Plaintiffs and other members of the class have suffered severe and significant economic losses and damages as a result of the lockdown measures adopted by the governors of certain states and guidelines and directions issued by the federal government in response to and mitigation of the transmission and spread of the coronavirus and COVID-19 in the United States and the global pandemic, which originated in China.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and the members of the class, pray for:

(a) An order certifying the class and appointing Plaintiffs Francis Smith and Frank Giordano as the representatives of the class, and appointing counsel for Plaintiffs as counsel for the class;

(b) An award to Plaintiffs and the members of the class of compensatory damages in an amount in excess of $75,000 each;

(c) An award to Plaintiffs and the members of the class of punitive damages against Defendant to the fullest extent allowed under the Constitution of the United States;

(d) An award to Plaintiffs and the members of the class of all costs of suit incurred;

(e) An award to Plaintiffs and the members of the class of reasonable attorney's fees to the fullest extent allowed under the law; and

(f) For other and further relief as the Court may deem proper.

Respectfully submitted,

MANDRACCHIA LAW, LLC

Dated: April 20, 2020          By:   /s/ Charles D. Mandracchia, Esquire
                                     Charles D. Mandracchia, Esquire
                                     Jeffrey W. Soderberg, Esquire
                                     Attorney I.D. Nos. 52844 & 55369
                                     2024 Cressman Road
                                     P.O. Box 1229
                                     Skippack, PA 19474
                                     610-584-0700 ext. 222
                                     610-724-2368 (mobile)
                                     cman@mmattorneys.com

                                     Christopher D. Mandracchia, Esquire
                                     Attorney I.D. No. 310041
                                     CDM Law
                                     4 East 1st Ave. Suite 103
                                     Conshohocken, PA 19428
                                     610-994-9281
                                     cdm@cdmattorneys.com

                                     Attorneys for the Plaintiffs, individually and
                                     on behalf of all others similarly situated