IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS SMITH, DECEASED, BY THE | : | |
| EXECUTOR OF HIS ESTATE | : | |
| and | : | CIVIL ACTION |
| FRANK GIORDANO | : | |
| and | : | |
| DANIEL CHRISTY | : | NO. 2:20-cv-01958 |
| and | : | |
| REVEREND DR. HERBERT H. LUSK, II | : | |
| and | : | JURY TRIAL DEMANDED |
| GARY JOHNSON | : | |
| and | : | |
| MARC FRANZONI | : | |
| and | : | |
| ANDREW VENEZIA | : | |
| and | : | |
| JARED BARCZ | : | |
| and | : | |
| CHARLES D. MANDRACCHIA, JR. | : | |
| and | : | |
| JOSEPH GAMBONE | : | |
| and | : | |
| MICHAEL GAMBONE | : | |
| and | : | |
| JOSEPH TARANTINO | : | |
| and | : | |
| KEVIN CHOWNS | : | |
| and | : | |
| VAL FICHERA | : | |
| and | : | |
| CHRIS HRIN, | : | |
|        Plaintiffs | : | |
|     v. | : | |
| | : | |
| PEOPLE'S REPUBLIC OF CHINA, | : | |
| and | : | |
| CHINESE COMMUNIST PARTY, | : | |
|       Defendants | : | |

## <u>AMENDED COMPLAINT</u>

Comes now Francis Smith, deceased, by the Executor of his Estate,  Frank

Giordano, Daniel Christy, Reverend Dr. Herbert H. Lusk, II, Gary Johnson, Marc

Franzoni, Andrew Venezia, Jared Barcz, Charles D. Mandracchia, Jr., Joseph Gambone, Michael Gambone, Joseph Tarantino, Kevin Chowns, Val Fichera, and Chris Hrin (collectively "Plaintiffs"), and allege as follows:

1.      Plaintiffs bring this action against the People's Republic of China ("China") and the Chinese Communist Party (the Chinese Communist Party, together with China, jointly and/or severally "Defendants") based on Defendants' negligence, reckless indifference, and misrepresentations.

2.      Plaintiffs seek compensatory damages, punitive damages, costs and attorney's fees.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action against Defendants for negligence, reckless indifference and misrepresentations pursuant to applicable federal statutes, including but not limited to 28 U.S.C. §1332 and 28 U.S.C. §1605 (a)(5).

4.      Venue is proper in this Court pursuant to, *inter alia*, 29 U.S.C. §1391(c).

5.      Plaintiffs bring this action under Federal Rule of Civil Procedure 20, as their claims for relief arise out of the same transaction, occurrence, or series of transactions or occurrences, and questions of law and/or fact common to all plaintiffs will arise in this action including without limitation (a) whether Defendants' failure and delay to disclose their clear knowledge regarding the true nature of the coronavirus epidemic in China and likely widespread transmission of the virus and COVID-19 to the rest of the world was negligent, (b) whether Defendants' misstatements to its citizens and to the world regarding the true nature of the coronavirus epidemic in China and the human to human transmission of the virus and COVID-19 constituted intentional

2

misrepresentations, and (c) whether Defendants' conduct constituted reckless indifference to the rights of Plaintiffs and was outrageous, wanton, willful and malicious.

6.      Additionally, the questions of duty, breach and the cause of damages are all the same.

7.      All the individual Plaintiffs either have been or are currently represented by Mandracchia Law LLC or CDM Law or have a personal relationship with the members of the firms and want these law firms to represent them in this lawsuit.

8.      Counsel for Plaintiffs has kept the number of Plaintiffs in this action to a manageable number.

## PARTIES

9.      Prior to his death, Francis Smith was an adult individual with an address at Virtua Health and Rehab, 62 Richmond Avenue, Lumberton, NJ 08048 who was ill with COVID-19.  Mr. Smith's Estate by his Executor brings this action as a result of Mr. Smith's sickness and death caused by the coronavirus.

10.     Plaintiff Frank Giordano is an adult individual who resides at 170 E. Main Street, Moorestown NJ 08057.   Mr. Giordano is the President of the Philly Pops.

11.     Plaintiff Daniel Christy is an adult individual with a business address at 191 Witmer Road, Suite 300, Horsham, PA 19044.  Mr. Christy is the owner of Margaritas restaurant and a construction company in Montgomery County.

12.     Plaintiff Reverend Dr. Herbert H. Lusk, II, is an adult individual with an address at Greater Exodus Baptist Church, 704-714 North Broad Street, Philadelphia PA 19130.  Rev. Lusk is the pastor of Greater Exodus Baptist Church in Philadelphia.

13.     Plaintiff Gary Johnson is an adult individual with a business address at 416 Depot Street, Bridgeport, PA 19405, and owns and operates a tube company in Bridgeport and Taphouse 23, a restaurant in Bridgeport.

14.     Marc Franzoni is an adult individual with a business address at 100 S. Broad St., Suite 2100, Philadelphia, PA 19110, and is the President of Commonwealth Agency Inc., a title company in Philadelphia.

15.     Andrew Venezia is an adult individual with a business address at P.O. Box 909, Royersford, PA 19468, and operates Venezia Trucking in Limerick.

16.     Jared Barcz is an adult individual with a business address at 3033 Kutztown Road, 2nd Floor Front, Hyde Park, Berks County, Pennsylvania, and operates Home Artisan, a small construction and renovation firm in Berks County.

17.     Charles D. Mandracchia, Jr., is an adult individual with a business address at 1150 First Avenue, Suite 501, King of Prussia, PA 19406 and owns TPM Construction, a small construction and renovation firm located in Conshohocken.

18.     Joseph Gambone is an adult individual with a business address at 1030 W. Germantown Pike, East Norriton, PA 19403, and is a principal in Gambone Management Co., a real estate management firm in East Norriton.

19.     Michael Gambone is an adult individual with a business address at with a business address at 1030 W. Germantown Pike, East Norriton, PA 19403, and is a principal in Gambone Management Co., a real estate management firm in East Norriton.

20.     Joseph Tarantino is an adult individual with a business address at 700 West Germantown Pike, East Norriton, PA 19403, and operates Continental Realty in East Norriton.

21.     Kevin Chowns is an adult individual with a business address at 2053 Cressman Road, Skippack, PA, and is in construction and metal work with The Chowns Group, LLC in Skippack.

22.     Val Fichera is an adult individual with an address at 2052 Washington Avenue, Philadelphia, PA 19146, and operates Caliber Collision, a national auto body company.

23.     Chris Hrin is an adult individual with a business address at 48 Sunset Avenue, Chalfont, PA 18914, and has a company in Holland, Bucks County that builds chimneys and does construction.

24.     Plaintiffs Frank Giordano, Daniel Christy, Rev. Dr. Herbert Lusk,  Gary Johnson, Marc Franzoni, Andrew Venezia, Jared Barcz, Charles D. Mandracchia, Jr., Joseph Gambone, Michael Gambone, Joseph Tarantino, Kevin Chowns, Val Fichera, and Chris Hrin (collectively, the "Economic Loss Plaintiffs") bring this action as individuals and owners and/or shareholders of their businesses.

25.     Defendant the People's Republic of China is a foreign state located in Asia, with an address in the United States at Embassy of People's Republic of China in the United States, 3505 International Place, N.W., Washington, DC 20008.

26.     Defendant the Chinese Communist Party is the ruling party of the People's Republic of China, and directly controls the government of China.  Its address in the United States is the Embassy of People's Republic of China in the United States, 3505 International Place, N.W., Washington, DC 20008.

## FACTUAL ALLEGATIONS

27.     The delay and failure by the senior officials of the Chinese Communist

Party and the government of China, which was the first country to face the new coronavirus and the source of the virus, to inform and warn the public and the world of the nature of the coronavirus outbreak in China and the known human to human transmission of the coronavirus and COVID-19, directly resulted in the global pandemic.

28.     The coronavirus pandemic currently has resulted in almost three million COVID-19 cases in the world, more than 928,000 persons infected in the United States and more than 52,000 U.S. deaths.

29.     The coronavirus pandemic caused the President of the United States and governors of many states to shut down the economy and businesses and require citizens to be confined to their homes and to severely restrict their activities including work and business.

30.     The Chinese Communist Party and the government of China knew of the devastation of the coronavirus and prevented Chinese citizens from leaving or entering the city of Wuhan.  However, the Chinese Communist Party and the government of China allowed foreign citizens to come in and out of the city of Wuhan.

31.     Documents obtained and reported on by the Associated Press demonstrate that by no later than January 14, 2020, and likely well before that time, the head of the National Health Commission, the top medical agency in China, knew of and advised other officials of the government of China including but not limited to President Xi Jinping, who is also the general secretary and leader of the Chinese Communist Party, as well as Premier Li Keqiang and Vice Premier Sun Chunlan, that human-to-human transmission of the coronavirus is possible and that based on a case reported in Thailand there was a possible spread of the virus from China to other countries.

32.     It also was concluded as of that time that due to upcoming public festivals in China the risk of spread of the coronavirus was high, and the coronavirus likely would develop into a major public health event and/or pandemic, which it did.

33.     The Chinese Communist Party and the government of China distributed at that time information and instructions for provincial officials with regard to the pandemic that were not to be disclosed publicly.

34.     Despite possessing such information and knowledge, however, at that time the officials of the Chinese Communist Party and the government of China did not publicly disclose the strong possibility of the spread of the coronavirus by human to human transmission including spread to other countries and the danger that the coronavirus infection in Wuhan would develop into a major public health event and global pandemic.

35.     Instead, officials of the Chinese Communist Party and the government publicly downplayed the risk of the spread of the coronavirus, and stated publicly that the risk of human to human transmission of the virus was low and that there was no evidence of such transmission.

36.     This was done for political reasons for the benefit of the Chinese Communist Party and the government of China, and to the detriment of the people of China and of the world including the United States of America and including the Plaintiffs and other persons similarly situated.

37.     On January 20, 2020 the government of China made the first public announcement and disclosure of the true nature of the coronavirus infection and epidemic, which the Chinese Communist Party and the government had known already

for some time.

38.     On that date President Xi made his first public statement on the virus and acknowledged its serious and dangerous nature, and a leading epidemiologist in China stated publicly that the virus was transmitted by human to human contact.

39.     The **Chinese Communist** Party and the government of China's misstatements about and delay and failure to publicly disclose its knowledge of the human to human transmission of the coronavirus and the nature of the coronavirus epidemic as a major public health event in China and possible global pandemic resulted in delay of implementation of containment and mitigation measures such as social distancing, mask wearing and travel restrictions in China and in other countries including the United States of America.

40.     The **Chinese Communist** Party and the government of China's misstatements about delay and failure to publicly disclose its knowledge of the human to human transmission of the coronavirus and the nature of the epidemic in China and possible global pandemic resulted in and caused widespread transmission of the coronavirus to other countries including the United States of America, where the Plaintiffs reside and/or do business, and resulted in the global pandemic of the coronavirus and the deadly COVID-19 disease.

41.     As a result of such misstatements about and delay and failure by the Chinese Communist Party and the government of China to publicly disclose its knowledge of the human to human transmission of the coronavirus and the nature of the epidemic in China, Plaintiff Francis Smith contracted COVID-19, the disease caused by the coronavirus.

42.     Plaintiff Francis Smith, deceased was hospitalized in critical condition, and subsequently died as a direct result of being infected with COVID-1.

43     Also as a result of such acts and omissions by the **Chinese Communist Party and the government of China**, Plaintiffs Frank Giordano and the other Economic Loss Plaintiffs have suffered severe and significant economic losses and damages as a result of the lockdown measures adopted by the governors of certain states and guidelines and directions issued by the federal government in response to and mitigation of the transmission and spread of the coronavirus and COVID-19.

44.     As a result of the conduct of the Defendants this virus caused the shutdown of businesses throughout the United States and financial harm to businesses in particular the individual Plaintiffs as owners and shareholders and their businesses.

45.     The misstatements about and failure and delay of the Chinese Communist Party and the government of China to disclose publicly to its citizens and to the world the government's and the **Chinese Communist** Party's clear and unequivocal knowledge regarding the true nature of the coronavirus epidemic in China constituted intentional misrepresentations and also were clearly negligent and recklessly indifferent to the rights of Plaintiffs and also were outrageous, wanton, willful and malicious.

46.     Such misrepresentations, negligence and recklessness of the Chinese Communist Party and the government of China directly resulted in and caused the global pandemic of the coronavirus and COVID-19 and its widespread transmission from China to the rest of the world, and resulted in personal injuries, disease and death and/or economic and other damages and losses to the Plaintiffs.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE AND RECKLESS INDIFFERENCE**

47.     Plaintiffs herein incorporate all of the paragraphs above by reference as if fully set forth at length.

48.     Plaintiffs assert this claim on behalf of themselves and against the Defendants.

49.     The Chinese Communist Party and China's government's delay and failure to publicly disclose its knowledge of the human to human transmission of the coronavirus and the nature of the coronavirus epidemic as a major public health event in China and possible global pandemic resulted in delay of implementation of containment and mitigation measures such as social distancing, mask wearing and travel restrictions in China and in other countries including the United States of America.

50.     The Chinese Communist Party and China's government's delay and failure to publicly disclose its  knowledge of the human to human transmission of the coronavirus and the nature of the epidemic in China resulted in and caused widespread transmission of the coronavirus to other countries including the United States of America, where the Plaintiffs reside and/or do business, and resulted in a global pandemic of the coronavirus and the deadly COVID-19 disease.

51.     The failure and delay of the Chinese Communist Party and the government of China to disclose publicly to its citizens and to the world its clear and unequivocal knowledge regarding the true nature of the coronavirus epidemic in China were clearly negligent and recklessly indifferent to the rights of Plaintiffs, were in breach of its duty and of established international protocols, and also were outrageous, wanton, willful and malicious.

52.     Such negligence and recklessness of the Chinese Communist Party and the

government of China directly resulted in and caused the global pandemic of the coronavirus and COVID-19 and its widespread transmission from China to the rest of the world, and resulted in personal injuries and disease and economic and other damages and losses to the Plaintiffs.

53.   As a direct and proximate result of such negligence and recklessness, Plaintiff Francis Smith, deceased, contracted COVID-19, the disease caused by the coronavirus, and suffered severe personal injuries as a result, including the following:

(a) respiratory and other serious disease requiring medical treatment which included hospitalization and/or artificial ventilation

(b) other serious and permanent injuries, which caused his death

(c) enduring endure great pain, suffering, inconvenience, embarrassment, mental anguish, and emotion and psychological trauma.

(d) being required to expend large sums of money for medical treatment and care, hospitalization, medical supplies, surgical appliances, rehabilitation and therapeutic treatment, medicines, and other attendant services;

(e) impairment of general health, strength, and vitality and being unable to enjoy and loss of various pleasures of life previously enjoyed;

(f) loss of the society, companionship, and consortium of spouse;

(h) loss of earnings and/or earning capacity.

54.   As a direct and proximate result of such negligence and recklessness of the Defendants, Plaintiffs Frank Giordano and the other Economic Loss Plaintiffs have suffered severe and significant economic losses and damages as a result of the lockdown measures adopted by the governors of certain states and guidelines and directions issued

by the federal government in response to and mitigation of the transmission and spread of

the coronavirus and COVID-19 in the United States and the global pandemic, which

originated in China.

## SECOND CAUSE OF ACTION
## MISREPRESENTATION

55.     Plaintiffs herein incorporate all of the paragraphs above by reference as if

fully set forth at length.

56.     Plaintiffs assert this claim on behalf of themselves and against the

Defendants.

57.     The Chinese Communist Party and China's government's misstatements

regarding their knowledge of the human to human transmission of the coronavirus and

the nature of the coronavirus epidemic as a major public health event in China and

possible global pandemic resulted in delay of implementation of containment and

mitigation measures such as social distancing, mask wearing and travel restrictions in

China and in other countries including the United States of America.

58.     Such acts and omissions by the Chinese Communist Party and China's

government resulted in and caused widespread transmission of the coronavirus to other

countries including the United States of America, where the Plaintiffs reside and/or do

business, and resulted in a global pandemic of the coronavirus and the deadly COVID-19

disease.

59.     Such acts and conduct by the Chinese Communist Party and the

government of China constituted intentional misrepresentations and also were

outrageous, wanton, willful and malicious.

60.     Such acts and conduct of the Chinese Communist Party and the

government of China directly resulted in and caused the global pandemic of the coronavirus and COVID-19 and its widespread transmission from China to the rest of the world, and resulted in personal injuries and disease and economic and other damages and losses to the Plaintiffs.

61.     As a direct and proximate result of such acts and conduct of Defendants, Plaintiff Francis Smith, deceased, contracted COVID-19, the disease caused by the coronavirus, and suffered severe personal injuries as a result, including the following:

(a) respiratory and other serious disease requiring medical treatment which included hospitalization and/or artificial ventilation

(b) other serious and permanent injuries, which caused his death

(c) enduring endure great pain, suffering, inconvenience, embarrassment, mental anguish, and emotion and psychological trauma.

(d) being required to expend large sums of money for medical treatment and care, hospitalization, medical supplies, surgical appliances, rehabilitation and therapeutic treatment, medicines, and other attendant services;

(e) impairment of general health, strength, and vitality and being unable to enjoy and loss of various pleasures of life previously enjoyed;

(f) loss of the society, companionship, and consortium of spouse;

(h) loss of earnings and/or earning capacity.

62.     As a direct and proximate result of such acts and conduct of Defendants, Plaintiffs Frank Giordano and the other Economic Loss Plaintiffs have suffered severe and significant economic losses and damages as a result of the lockdown measures adopted by the governors of certain states and guidelines and directions issued by the

federal government in response to and mitigation of the transmission and spread of the coronavirus and COVID-19 in the United States and the global pandemic, which originated in China.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves, pray for:

(a) An award to Plaintiffs of compensatory damages in an amount in excess of $75,000 each;

(b) An award to Plaintiffs of punitive damages against Defendants to the fullest extent allowed under the Constitution of the United States;

(c) An award to Plaintiffs of all costs of suit incurred;

(d) An award to Plaintiffs of reasonable attorney's fees to the fullest extent allowed under the law; and

(e) Such other and further relief as the Court may deem proper.

Respectfully submitted,

MANDRACCHIA LAW, LLC

Dated: May 8, 2020          By:     /s/ Charles D. Mandracchia, Esquire
                                    Charles D. Mandracchia, Esquire
                                    Jeffrey W. Soderberg, Esquire
                                    Attorney I.D. Nos. 52844 & 55369
                                    2024 Cressman Road
                                    P.O. Box 1229
                                    Skippack, PA 19474
                                    610-584-0700 ext. 222
                                    610-724-2368 (mobile)
                                    cman@mmattorneys.com

                                    Christopher D. Mandracchia, Esquire
                                    Attorney I.D. No. 310041
                                    CDM Law
                                    4 East 1st Ave. Suite 103
                                    Conshohocken, PA 19428

610-994-9281
cdm@cdmattorneys.com

Attorneys for the Plaintiffs