IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS SMITH, DECEASED, BY THE EXECUTOR OF HIS ESTATE, et al. | : : : |
| Plaintiffs | : CIVIL ACTION : |
| v. | : NO. 2:20-cv-01958-AB : |
| PEOPLE'S REPUBLIC OF CHINA, and THE COMMUNIST PARTY OF CHINA, | : : : : JURY TRIAL DEMANDED : |
| Defendants | : |

**PLAINTIFFS' STATUS UPDATE REGARDING SERVICE UPON FOREIGN STATE AND FOREIGN STATE AGENCY/INSTRUMENTALITY DEFENDANTS**

1.      Plaintiffs are individuals including owners and operators of small businesses and have brought this action under Federal Rule of Civil Procedure 20, as their claims for relief arise out of the same transaction, occurrence, or series of transactions or occurrences, and questions of law and/or fact common to all plaintiffs will arise in this action.

2.      The Plaintiffs filed this action against defendants the People's Republic of China (PRC) and the Communist Party of China (CPC).

3.      As stated in Defendants' Motion for Declaration that Service Has Been Made (Docket item #26), after other attempts at service upon the PRC and the CPC under 28 U.S.C. Section 1608 had been unsuccessful, Crowe Foreign Services on March 10, 2022, submitted on Plaintiffs' behalf the Summonses, Amended Complaint and requisite FSIA Notice of Suit and Hague documents, with Chinese translations thereof, into the Database of the Central Authority for China (Ministry of Justice) for service upon the

Chinese Foreign Defendants under the Hague Service Convention. Additionally, required payments of service fees to the Central Authority were provided and completed.

4. Crowe Foreign Services followed up multiple times with the appropriate Database for the People's Republic of China, and notified Plaintiffs' counsel that the Chinese Ministry of Justice finally entered a rejection notice into the Database consistent with their previous practice and position, claiming that such service would infringe upon the sovereignty of the China foreign service defendants and further stating that "the defendants specified the requests enjoy sovereign immunity and are not subject to any foreign jurisdiction."[1]

5. The Court denied the Plaintiffs' Motion for Declaration that Service had been Made, stayed this case, and directed the Plaintiffs to file a status report regarding the continued presence or absence of reasons why the case is unable to proceed to trial without delay.

6. Plaintiffs have expended $3926 in fees to Crowe Foreign Service for preparation, translation and submittal of required documents for service upon the Chinese Foreign Defendants under the Hague Service Convention in this case.

7. Plaintiffs also have expended $3348 in fees to Crowe Foreign Service for preparation, translation and submittal of required documents for service upon the Chinese Foreign Defendants under the Hague Service Convention in the separate, parallel case of Greco, et al. v. Peoples Republic of China, et al., No. 20-cv-02235-AB,

8. Service of the PRC as the foreign government of China through diplomatic channels under 28 U.S.C. Section 1608 (a)(4) would require an additional fee

---

[1] See Declaration of Celeste Ingalls of Crowe Foreign Services dated November 16, 2023 attached as Exhibit A to the Plaintiffs' prior Motion, at para. 9.

2

to the U.S Department of State in the amount of $2,275 for this case and a separate additional fee in the amount of $2,275 in the separate parallel case of Greco, et al. v. Peoples Republic of China, et al.

9. Plaintiffs' counsel has been informed by Crowe Foreign Services that service upon the CPC as a Foreign States via Diplomatic channels through the US Department of State as provided for in 28 U.S.C. Section 1608 (a)(4) cannot be accomplished because the Communist Party of China is not a foreign sovereign state but instead is an instrumentality or agency of the foreign sovereign state of China.[2]

10. As stated in the Plaintiffs' prior Motion, the People's Republic of China and the Communist Party of China have improperly insulated themselves from this lawsuit brought by Plaintiffs and evaded service of the Complaint and summons in this case.

11. Plaintiffs need and request an additional amount of time of approximately 90 days, to determine whether to proceed with payment of the several thousands of dollars (at a minimum) of additional fees to attempt service of the PRC via diplomatic channels under 28 U.S.C. Section 1608 (a)(4), in this case and in the separate, parallel case of Greco, et al. v. Peoples Republic of China, et al., No. 20-cv-02235-AB, including obtaining copies of the translated documents prepared by Crowe Foreign Service for service under the Hague Convention.

12. Plaintiffs also need and request an additional amount of time of approximately 90 days to attempt service of the CPC, in this case and in the separate, parallel case of Greco, et al. v. Peoples Republic of China, et al., No. 20-cv-02235-AB, as an instrumentality and/or agency of the PRC, under alternative service by certified mail

---

[2] See Declaration attached as Exhibit A to prior Motion.

directed to the Chinese Foreign Minister at the Embassy of China in Washington, DC per Court Order under 28 U.S.C. Section 1608(b)(3)(c) (or per Court Order for alternative service under Federal Rule of Civil Procedure 4(f)(3) as a foreign non-governmental defendant per the decision of *Zhang v. Baidu*, No. 11-cv-0388-JMF (S.D.NY 6/7/2013)).

13.     Wherefore, the Plaintiffs request that the Court continue the stay of this case for an additional 90 days for the reasons set forth above.

Respectfully submitted,

MANDRACCHIA LAW, LLC

Dated: March 28, 2025

By: /s/ Charles D. Mandracchia, Esquire
Charles D. Mandracchia, Esquire
Jeffrey W. Soderberg, Esquire
Attorney I.D. Nos. 52844 & 55369
Mail: P.O. Box 1229, Skippack, PA 19474
610-584-0700
cman@mmattorneys.com

Christopher D. Mandracchia, Esquire
Attorney I.D. No. 310041
CDM Law
4 East 1st Ave. Suite 103
Conshohocken, PA 19428
610-994-9281
cdm@cdmattorneys.com

Attorneys for the Plaintiffs